**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

DENIS J. OPSAHL,

        Plaintiff,

        v.

MATTHEW MICHAEL JAIMET,
a Minnesota Attorney # 387174, and
OFFICE OF LAWYERS PROFESSIONAL
RESPONSIBILITY (MINNESOTA),

        Defendant.

Civil No. 09-2567 (DSD/JJK)

**REPORT AND
RECOMMENDATION**

Plaintiff, an inmate at the Hennepin County Jail in Minneapolis, Minnesota, commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.) The case has been assigned to the undersigned Magistrate Judge of the District Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

**I. BACKGROUND**

Plaintiff is attempting to sue Matthew Michael Jaimet, a public defender who

---

[1] Plaintiff did not pay the $350 filing fee for this action when he filed his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Based on the information furnished in Plaintiff's IFP application, it appears that he may be unable to pay even the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Therefore, the Court finds, at least for now, that Plaintiff has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

apparently has been appointed as Plaintiff's counsel, (or perhaps "standby counsel"), in a criminal action that is pending against Plaintiff in the state district court for Hennepin County, Minnesota. Plaintiff is also attempting to sue the Minnesota Office of Lawyers Professional Responsibility. The caption of the complaint indicates that this action is brought under 42 U.S.C. § 1983, which suggests that Plaintiff is seeking relief for alleged violations of his federal constitutional rights.

The "Statement of Claim" section of Plaintiff's complaint, repeated verbatim and in its entirety, is as follows:

> "For the period March - August 2009 one (male) Public Defender, Jaimet threatens false testimony viciously of an inculpatory nature against Opsahl in Minneapolis criminal case and Lawyers Board refuses now cavilierly [sic] to investigate said breach of Lawyer (standby) Fiduciary obligation depriving Opsahl of his Federal Constitutional Rights by heinous Tortious actions under color of state law in total violation of 42 U.S.C. 1983."

(Complaint, [Docket No. 1], p. 3, § IV.)

The "Relief" section of the complaint indicates that Plaintiff is seeking the following redress in this case:

> "Jaimet must be restrained herein under Section 1983 and Injunctive relief must be granted to compel the lawyers Professional Responsibility Board to investigate Jaimet. Both cruelly wantonly and maliciously violate Opsahl's Civil Rights and each must be permanetly [sic] restrained at once."

(Id., § V.)

## II. DISCUSSION

Plaintiff is a prisoner, (see 28 U.S.C. § 1915A(c)), who purportedly is seeking relief from a government employee and a government entity.[2]  28 U.S.C. § 1915A

---

[2]  Although Plaintiff seems to believe that Defendant Jaimet is a state employee,

requires the federal courts to review every prisoner complaint brought against

governmental agents or entities "before docketing, if feasible or, in any event, as soon

as practicable after docketing." 28 U.S.C. § 1915A(a). The court must determine which

aspects of the complaint are actionable and should be allowed to proceed. To the

extent that the pleading, on its face, fails to state a cognizable claim, it must be

dismissed. 28 U.S.C. § 1915A(b)(1). In this case, the Court finds that Plaintiff has

failed to state any actionable claim for relief against either of the named Defendants.

To state an actionable claim for relief, a complaint must allege a set of historical

facts, which, if proven true, would entitle the plaintiff to a judgment against the

defendants under some cognizable legal theory. While federal courts must "view pro se

pleadings liberally, such pleadings may not be merely conclusory: the complaint must

allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623

F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780

F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se

complaint must contain specific facts supporting its conclusions"); Stone v. Harry, 364

F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are

not alleged, just because an additional factual allegation would have formed a stronger

complaint").

---

that is a dubious proposition. Public defenders normally are not considered to be "state actors" for § 1983 purposes. Polk County v. Dodson, 454 U.S. 312, 318 (1981). If Jaimet is not a state actor, (as appears to be the case), then Plaintiff cannot sue him under § 1983. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff also seems to believe that the Minnesota Office of Lawyers Professional Responsibility is a state agency. However, state agencies normally are immune from suit in federal court under the Eleventh Amendment. Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988). Therefore, even if Plaintiff's complaint were not fatally defective for the reasons discussed hereafter, it is unlikely that he could maintain a federal § 1983 action against

To state an actionable § 1983 civil rights claim, as Plaintiff apparently is attempting to do here, a complaint must allege facts showing that each named defendant was personally involved in some alleged violation of the claimant's federal constitutional rights. Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (to state an actionable civil rights claim, a complaint must describe what, specifically, each named defendant did, or failed to do, that allegedly violated the claimant's constitutional rights); Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (civil rights claimants must plead facts showing the defendant's personal involvement in alleged constitutional wrongdoing). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same).

Plaintiff's current complaint fails to state an actionable § 1983 claim, because it does not allege any facts describing any specific wrongful conduct by either of the named Defendants. Plaintiff has pled only conclusory accusations, which are not supported by any allegations of specific wrongful acts or omissions. There are no factual allegations describing anything that either of the Defendants actually did, (or failed to do), that allegedly violated Plaintiff's constitutional rights. The brief, vague and conclusory assertions listed in the "Statement of Claim" section of the Plaintiff's complaint are not sufficient to state an actionable § 1983 claim, (or any other claim), against either of the named Defendants.

## III.  CONCLUSION

---

either of the two named Defendants in this case.

The requirements for pleading an actionable claim for relief are fairly simple and straightforward. A claimant is only required to plead a set of historical facts showing some <u>specific acts or omissions by each named Defendant</u>, which, if proven true, would cause each such Defendant to be liable to the claimant under some specified legal principle. However, Plaintiff's current pleading does not come close to meeting this standard. Thus, the Court finds that Plaintiff has failed to state a cause of action on which relief can be granted, and that this action must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

Because Plaintiff has failed to plead an actionable claim for relief, his application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, (Docket No. 2), must be denied. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350 filing fee.[3] To date, Plaintiff has not paid any part of the filing fee for this case, so he still owes the full $350 fee. Jail officials will have to deduct that amount from Plaintiff's institutional trust account, and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the Court will recommend that the dismissal of this action count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

---

[3] Under the Prison Litigation Reform Act, ("PLRA"), prisoners may be excused from <u>pre</u>-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. <u>Ashley v. Dilworth</u>, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. <u>See In re Tyler</u>, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.   Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, (Docket No. 2), be

**DENIED**;

2.   This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3.   Plaintiff be required to pay the unpaid balance of the Court filing fee, namely

the full $350.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4.   For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated:  October 1, 2009

_s/ Jeffrey J. Keyes_
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 15, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

fees the moment the prisoner brings a civil action or files an appeal").