UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-2567(DSD/JJK)

Dennis J. Opsahl,

      Plaintiff,

v.  **ORDER**

Matthew Michael Jaimet,
a Minnesota Attorney #387174,
and Office of Lawyers Professional
Responsibility (Minnesota),

      Defendant.

This matter is before the court upon pro se plaintiff Denis J. Opsahl's ("Opsahl") objections to the October 2, 2009, report and recommendation of Magistrate Judge Jeffrey J. Keyes, motion to disqualify the magistrate judge and January 12, 2010, motion to amend his complaint. Based on a de novo review of the file, record and submissions herein, the court adopts the magistrate judge's report and recommendation in its entirety and denies Opsahl's motions.

**BACKGROUND**

Opsahl, a state prisoner, filed a 42 U.S.C. § 1983 claim against defendants Matthew Michael Jaimet[1] ("Jaimet"), Michael

---

[1] Jaimet is a public defender who was Opsahl's stand-by counsel in the state criminal case underlying this § 1983 action.

Hager[2] ("Hager") and the Minnesota Board of Professional Responsibility (the "Board"), alleging that Jaimet and Hager violated his civil rights while defending him in a state criminal case and that the Board unlawfully refuses to investigate Jaimet and Hager.[3] The magistrate judge reviewed the complaint pursuant to 28 U.S.C. § 1915A(a) and recommends dismissal for failure to state a claim because Opsahl has not alleged facts establishing wrongful conduct by defendants. See 28 U.S.C. § 1915A(a)–(b) (requiring court to screen civil actions in which prisoner seeks redress from a governmental entity or employee and dismiss complaints that fail to state a claim). Opsahl objects. The court reviews the report and recommendation de novo, and considers Opsahl's motions to disqualify the magistrate judge and to add a § 1983 conspiracy claim against Jaimet and additional defendants. See id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b).

---

[2] Opsahl sought leave to amend his complaint to add Michael Hager, another state public defender, on November 6, 2009. (See Pl.'s Req. [Doc. No. 7] 1.) The court allows this amendment as a matter of course because it presents no new issues and no responsive pleading has been filed. See Fed. R. Civ. P. 15(a)(1). Accordingly, the court applies the recommendations of the magistrate judge to Hager.

[3] The court liberally construes pro se pleadings and does not unreasonably subject them to "stringent procedural niceties." Papantony v. Hedrick, 215 F.3d 863, 865 (8th Cir. 2000).

**DISCUSSION**

**I.   Motion to Disqualify**

As a preliminary matter, the court addresses Opsahl's motion to disqualify Magistrate Judge Keyes. In evaluating such a motion, the court considers whether the judge's participation would cause an average person, who knows all of the relevant facts of a case, to question the judge's impartiality. 28 U.S.C. § 455(a); <u>United States v. Aldridge</u>, 561 F.3d 759, 764 (8th Cir. 2009) (citations omitted). Opsahl was previously authorized to practice law in Minnesota, and he believes that he may have participated in "exceedingly acrimonious" litigation with the magistrate judge as opposing counsel. (Pl.'s Objection 1-2.) Opsahl, however, offers no evidence for a finding that the alleged litigation creates an objective perception of bias. <u>See</u> <u>Aldridge</u>, 561 F.3d at 764 (requiring evidence of extrinsic bias for disqualification). The average person understands that lawyers zealously advocate for their clients in the adversarial process. Previous contacts between a judge and a litigant in an unrelated context are not per se bases for recusal. <u>See</u> <u>United States v. Leisure</u>, 377 F.3d 910, 916 (8th Cir. 2004), <u>modified on other grounds</u>, 412 F.3d 857 (8th Cir. 2005). Accordingly, the court denies Opsahl's motion.[4]

---

[4] Opsahl's motion also fails under 28 U.S.C. § 144, which requires a movant seeking disqualification timely to file an affidavit stating the facts and reasons supporting judicial bias. 28 U.S.C. § 144. Opsahl has not filed an affidavit, and therefore (continued...)

3

**II. Objections to the Report and Recommendation**

With respect to the report and recommendation, Opsahl first objects to the determination that the complaint fails to state a claim under § 1983. Although a complaint need not contain detailed factual allegations, it must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). Conclusory statements are not sufficient to state a claim. See Iqbal, 129 S. Ct. at 1949. To establish liability under § 1983, a plaintiff must allege facts showing that the defendant acted under color of state law and was personally involved in an alleged violation of federal constitutional rights. See Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009).

After a de novo review, the court finds that the complaint offers only conclusory statements, and does not support a reasonable inference that defendants violated § 1983. Furthermore, Opsahl's claims against Jaimet and Hager fail because public defenders representing defendants are not state actors for purposes of § 1983. See Polk County v. Dodson, 454 U.S. 312, 318–25 (1981). Accordingly, the court overrules the objection.

---

⁴(...continued)
his claim is procedurally deficient. See In re Medlock, 406 F.3d 1066, 1073 (8th Cir. 2005).

Opsahl also objects to the $350 filing fee on the basis that it violates the Fourth, Fifth and Fourteenth Amendments and civil rights laws. See 28 U.S.C. § 1915(b) (requiring payment of filing fee). The Eighth Circuit, however, has upheld the constitutional validity of § 1915(b). See Lefkowitz v. Citi-Equity Group, Inc. 146 F.3d 609, 612 (8th Cir. 1998); Murray v. Dosal, 150 F.3d 814, 817-19 (8th Cir. 1998). Accordingly, the court also overrules this objection, and adopts the report and recommendation in its entirety.

**III. Motion to Amend Pleading**

Opsahl seeks to add a § 1983 conspiracy claim against Jaimet, state district court judge Robert Small and assistant Hennepin County attorney Judith Hawley alleging that they conspired to violate his federal constitutional rights during the adjudication of the state criminal case. The court grants leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Opsahl's proposed claim, however, is facially frivolous. Jaimet is a public defender, and does not act under color of state law. Dodson, 454 U.S. at 318-25. Judge Robert Small is immune from civil suit based on allegations of misconduct while performing his judicial duties. Burns v. Reed, 500 U.S. 478, 486 (1991). Assistant county attorney Judith Hawley has absolute immunity from liability for claims under § 1983 for conduct in prosecuting and presenting the state's case. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Therefore, there is

5

no legal basis for this claim, and the interests of justice are not served by granting leave to amend. Accordingly, the court denies the motion.

**CONCLUSION**

Based on the above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to disqualify the magistrate judge [Doc. No. 4] is denied;

2. Plaintiff's objections [Doc. No. 4] to the magistrate judge's report and recommendation [Doc. No. 3] are overruled;

3. Plaintiff's motion for leave to amend [Doc. No. 15] is denied;

4. The magistrate judge's report and recommendation [Doc. No. 3] is adopted in its entirety;

5. Plaintiff's claims against Michael Hager are dismissed as frivolous and for failure to state a claim.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 29, 2010

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court